IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY RAY VIDAL, <br> #202100656, #42264-509, <br> PETITIONER, <br> <br> v. <br> <br> ADAM KING, ET AL., <br> RESPONDENTS. | § <br> § <br> § <br> § <br> § CIVIL CASE NO. 3:24-CV-1015-B-BK <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Tommy Ray Vidal's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Vidal, a federal pretrial detainee in the Johnson County Jail, challenges his detention and imprisonment. Doc. 3 at 1-2. Vidal was charged in a five-count superseding indictment with conspiracy to possess with intent to distribute a controlled substance, possession of a firearm in furtherance of a drug trafficking criminal, and possession with intent to distribute a controlled substance. *United States v. Vidal*, No. 3:21-CR-155-B-15 (N.D. Tex.); Crim. Doc. 656. Vidal exercised his right to self-representation and he was appointed stand-by-counsel. Crim. Doc. 745. The Court also denied his motion to dismiss for lack of subject-matter and personal jurisdiction. Crim. Doc. 746. On February 29, 2024, a jury convicted Vidal of all five counts

and he awaits sentencing in June 2024.  Crim. Doc. 760; Crim. Doc.761.

On April 25, 2024, Vidal filed the instant pretrial habeas corpus petition, seeking relief under 28 U.S.C. § 2241.  Doc. 3.  The petition is littered with jargon that appears to derive from the so-called "sovereign citizen movement."  Doc. 3 at 1-2.  Vidal again complains that this Court lacks jurisdiction over the charged offenses and, thus, that his imprisonment is illegal. Doc. 3 at 1.  He adds that the court "is without subject-matter jurisdiction to impose any particular sentence" or "power to sentence" him.  Doc. 3 at 2.  Vidal requests that he be "relieved of said unlawful detention and imprisonment."  Doc. 3 at 2.

Upon review, the Court concludes that Vidal has failed to exhaust the remedies available in his criminal case.  Therefore, his petition should be dismissed.[1]

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming,* 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available to a federal pretrial detainee only "in rare and exceptional cases."  *Johnson v. Hoy,* 227 U.S. 245, 247 (1913) (citations omitted).  It is well established that courts "should withhold relief . . . where an adequate remedy available in the

---

[1] Vidal did not pay the filing fee or file a motion to proceed *in forma pauperis*, and judicial economy does not support the delay of the disposition of this case to require him to do so.

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6–7 (1951) (citations omitted). Likewise, it is a well "settled principle that a writ of habeas corpus may not be used … as a substitute for the ordinary proceedings of a trial court.'" *United States v. Bowler,* 62 F.3d 397, 1995 WL 449713, *2 (5th Cir. 1995) (per curiam) (quoting *U.S. ex rel. Palma v. Saegert,* 251 F.2d 59, 60 (5th Cir. 1957)). In *Bowler*, two federal pre-trial detainees filed a petition under § 2241 challenging their indictment after the district court denied their motion to dismiss it. 1995 WL 449713, *1. The Court of Appeals for the Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal and concluded that the petitioners' arguments should be "presented and reached 'in the orderly administration of justice.'" *Id.* at *2; *see also Philip v. Cruz*, 3:11-CR-0361-L, 2012 WL 1413432, at *1–2 (N.D. Tex. Mar. 26, 2012), *rec. adopted*, 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012) (dismissing § 2241 detention and prosecution claims for failing to exhaust remedies available in the federal detainee's pending criminal case).

      Here, as in *Bowler*, the claims Vidal raises in his § 2241 habeas petition can be pursued in his pending criminal action. That Vidal elected self-representation in his criminal case does not impact his ability to raise his claims. Indeed, as noted, he raised the same claims in his criminal case and has been denied relief. *See* Crim. Doc. 746; *see also* Crim. Doc. 750 (reply and renewed objection to subject matter jurisdiction); Crim. Doc. 770 (re-asserting the court lacks jurisdiction to sentence defendant). Also, Vidal can proceed to sentencing and renew his claims, if desired, on direct appeal. *See Bowler*, 1995 WL 449713, *2 ("Even though the district court denied relief on these grounds, [the defendant] can proceed to trial and can raise this argument again on direct appeal. There is simply no exigency, urgency, or any other reason for us to allow the habeas petition as a substitute for direct appeal in this matter."); *U.S. ex rel.*

*Palma*, 251 F.2d at 61 n.2 ("'[T]he writ is not intended as a substitute for the functions of a trial court. . . . Habeas Corpus is not ordinarily available in advance of trial to test the constitutionality of a statute under which the petitioner was indicted, or even to determine every jurisdictional question which may arise.'" (citations omitted)).

On this record, Vidal does not present any rare or exceptional circumstances that would justify review of his pre-trial habeas petition now in lieu of a direct appeal. Accordingly, Vidal should be required to fully exhaust the remedies available to him in his pending criminal case and, if desired, on direct criminal appeal. His habeas challenge should thus be dismissed.

### III. CONCLUSION

For the foregoing reasons, Vidal's pretrial habeas claims under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the remedies available in his pending criminal case and, if desired, on direct criminal appeal.

**SO RECOMMENDED** on May 21, 2024.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).